STEVE W. BERMAN (*pro hac vice* pending)
*steve@hbsslaw.com*
ARI Y. BROWN (*pro hac vice* pending)
*ari@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
        -and-
ELAINE T. BYSZEWSKI (SBN 222304)
*elaine@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152

*Counsel for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN TYRRELL and TRACIE-LINN TYRRELL husband and wife, on behalf of themselves and all others similarly situated, | No. |
| Plaintiffs, | CLASS ACTION COMPLAINT |
| v. | |
| LUMBER LIQUIDATORS, INC., a Delaware corporation, | |
| Defendant. | |

CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ............................................................................... 1

II.   JURISDICTION ................................................................................ 5

III.   PARTIES .......................................................................................... 5

IV.   FACTUAL ALLEGATIONS ............................................................. 5

    A.   California's Formaldehyde Standards ...................................... 5

    B.   Lumber Liquidators' Laminate Wood Flooring Products ...................... 6

    C.   Lumber Liquidators Misrepresents that its Laminate Wood Flooring Products Meet California Emissions Standards ........................ 9

    D.   Lumber Liquidators Knew that its Representations of California-Compliant Formaldehyde Levels in its Laminate Wood Flooring was False ............................................. 12

V.   FACTS RELATING TO NAMED PLAINTIFFS ........................................... 16

VI.   CLASS ACTION ALLEGATIONS ......................................................... 17

VII.   CAUSES OF ACTION ...................................................................... 20

    COUNT I:  VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §§ 2301, *ET SEQ* ..................................................... 20

    COUNT II:  VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*, UNLAWFUL, UNFAIR, OR FRAUDULENT BUSINESS ACTS AND PRACTICES ........................ 22

    COUNT III:  VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, *ET SEQ.* ...................................... 24

    COUNT IV:  VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE § 1750 *ET SEQ.* ................................ 25

    COUNT V:  BREACH OF EXPRESS WARRANTY, CAL. UNIFORM COM. CODE § 2313 .......................................... 27

    COUNT VI:  DECLARATORY RELIEF ........................................ 28

VIII.   PRAYER FOR RELIEF ...................................................................... 29

IX.   DEMAND FOR JURY TRIAL ........................................................... 30

# I.   INTRODUCTION

1.   Defendant Lumber Liquidators, Inc. has been selling composite laminate flooring products that emit formaldehyde at levels known to pose serious health risks. The formaldehyde emissions from certain Lumber Liquidators products far exceed the maximums allowed by the California Air Resources Board ("CARB").  For nearly two years, and possibly longer, Lumber Liquidators has known that flooring products it has manufactured in China that is intended to be used in people's homes emit unsafe levels of formaldehyde.  Nonetheless, Lumber Liquidators has continued to specifically and falsely label these products as being as being compliant with all CARB formaldehyde standards and to falsely state on its website and elsewhere that its products "meet the highest quality and environmental standards."  As a result, California consumers have been buying flooring products from Defendant that are unsafe and should not be distributed or sold in California.

2.   Laminate wood flooring is generally composed of a base layer of pressed composite wood (particle board or medium-density fiberboard), which is a mixture of sawdust or wood particles bonded together with glue or resin.  The base layer is covered with a veneer or other material such as a photographic image of wood, affixed as a decorative surface.

3.   Formaldehyde is a common ingredient in the glue used in the laminate flooring base layer.  If used in low levels, the formaldehyde will quickly dissipate during installation.  However, if used in higher levels the formaldehyde is released as a gas that emanates from the flooring over time.  Long term exposure to formaldehyde is linked to increased risk of cancer of the nose and sinuses, nasopharyngeal and oropharyngeal cancer, lung cancer, and leukemia.  Formaldehyde also causes burning eyes, nose and

throat irritation, coughing, headaches, dizziness, joint pain and nausea.  It has also been linked to the exacerbation of asthma in formaldehyde-sensitive individuals and poses a particular acute risk to children.

4.      Lumber Liquidators supervises and controls the manufacturing of composite laminate wood flooring products in several mills in China.  Lumber Liquidators also packages, distributes, markets and/or sells laminate wood flooring products that have been manufactured in China to consumers in California.

5.      From October 2013 through November 2014, three accredited laboratories tested the formaldehyde emissions of laminate wood flooring from several nationwide retail outlets, including Home Depot, Lowe's, and Lumber Liquidators.  Of the dozens of products tested, by far the highest formaldehyde levels were found in the laminate wood flooring sold by Lumber Liquidators that was produced in China.  Similar products manufactured in North America generally had much lower formaldehyde levels that complied with the formaldehyde emission standards promulgated by CARB.  Similar products tested from Lumber Liquidators' competitors also showed significantly lower formaldehyde levels that generally complied with the CARB formaldehyde emission standards.  The list of products that have been tested and found to exceed the CARB limit for formaldehyde emissions is set forth in paragraph 21 below.

6.      Despite this discrepancy, Lumber Liquidators did not differentiate between its domestically manufactured floor laminates and those made in China.  Defendant's labels on its Chinese laminate wood flooring products state that the products comply with strict formaldehyde emission standards promulgated by CARB by stating "California 93120 Phase 2 Compliant Formaldehyde."

7.   In 2014 and early 2015, 60 Minutes news conducted an independent investigation into Lumber Liquidators' Chinese-made flooring products. Investigators purchased 31 boxes of various Chinese-made flooring products from various Lumber Liquidators stores around the country and sent the sample for testing at two certified labs. Of the 31 samples, only one was compliant with CARB formaldehyde emissions standards. "Some were more than 13 times over the California limit.[1]

8.   60 Minutes also sent undercover investigators to three different mills in China that manufacture laminates and flooring on behalf of Lumber Liquidators. 60 Minutes reported that:

> Employees at the mills openly admitted that they used core boards with higher levels of formaldehyde to make Lumber Liquidators laminates, saving the company 10-15 percent on the price. At all three mills they also admitted [to] falsely labeling the company's laminate flooring as CARB compliant.[2]

9.   Lumber Liquidators does not give consumers any warnings about unlawful formaldehyde levels in its laminate wood flooring products. Instead, along with its product labels, it represents on its website and its warranties that it's flooring products comply with strict formaldehyde standards. Lumber Liquidators has made false and misleading statements that its flooring products comply with CARB formaldehyde standards, and the even more stringent European formaldehyde standards. Lumber

---

[1] *Lumber Liquidators Linked to Health and Safety Violations*, 60 Minutes (Mar. 1, 2015), available at http://www.cbsnews.com/news/lumber-liquidators-linked-to-health-and-safety-violations/ (last visited March 4, 2015).

[2] *Id*.

CLASS ACTION COMPLAINT                          - 3 -

010503-11  764686 V1

Liquidators' website falsely states, "we not only comply with laws-we exceed them." "Highest Quality Flooring. GUARANTEED."[3]

10.    Lumber Liquidators has continually sold these products to California customers at its 37 retail stores in California, through its retail website, www.lumberliquidators.com, and using its toll free customer service telephone line.

11.    Plaintiffs purchased and installed a Lumber Liquidators product that was manufactured in China, labeled as being CARB compliant, and that was of a type found to have formaldehyde levels that exceed CARB limits.  Plaintiffs seek to represent themselves and similarly situated persons in California who have purchased Defendant's laminate wood flooring products that were manufactured in China, labeled as CARB compliant, and sold to consumers in California at any time from March 5, 2011 through the date of judgment herein ("the putative class").  Pursuant to California Business & Professions Code §§ 17203, 17500 *et seq.*, Plaintiffs seek restitution of monies they and the putative class spent on Defendant's flooring products.  Pursuant-to California Business & Professions Code § 17203, Plaintiffs seek injunctive relief enjoining Defendant's ongoing unlawful, unfair, and fraudulent business practices.  Pursuant to California Uniform Commercial Code § 2313, Plaintiffs seek damages on behalf of themselves and the putative class.

12.    Plaintiffs are in the process of providing Defendant with a Notice of Violations of the Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq*.  In the event Defendant does not take the appropriate actions itemized in the notice within 30 days, Plaintiffs intend to amend their complaint to add a claim under the Act.

---

[3] http://www.lumberliquidators.com/11/flooring/quality?WT.ad-GLOBAL FOOTER Quality (last visited on March 2, 2015, Page unavailable as of March 4, 2015).

## II.     JURISDICTION

13.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) in that the matter is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and members of the Class are citizens of a State different from the Defendants.

14.     This Court has personal jurisdiction over the parties in this action by the fact that Defendants are corporations that are licensed to do business in the state of California or otherwise conduct business in the state of California.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as the unlawful practices are alleged to have been committed in this District, Defendants regularly conduct business in this District, and the named Plaintiffs reside in this District.

## III.     PARTIES

16.     Plaintiffs John and Tracie-Lynn Tyrrell are residents of Santa Clarita, California.  The Plaintiffs are consumers within the meaning of California Civil Code § 1761.

17.     Defendant Lumber Liquidators Inc. is a Delaware corporation with its headquarters and principal place of business in Toano, Virginia. Lumber Liquidators, Inc. distributes, markets, and/or sells laminate wood flooring products in California. Lumber Liquidators, Inc. sells goods within the meaning of California Civil Code § 1761.

## IV.     FACTUAL ALLEGATIONS

### A.     California's Formaldehyde Standards

18.     In 1988, the State of California officially listed Formaldehyde (gas) as a chemical known to cause cancer.

CLASS ACTION COMPLAINT                    - 5 -

010503-11 764686 V1

19.     In 1992, the CARB formally listed formaldehyde as a Toxic Air Contaminant in California with no safe level of exposure.

20.     The CARB approved the Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products in April 2007.  The formaldehyde emission standards became effective January 2009 and set decreasing limits in two Phases. Cal. Code Regs., tit. 17, § 93120.2(a).

21.     The CARB Regulations apply to composite wood ("laminate") products including flooring. Cal Code Regs., tit. 17, § 93120.2(a).

22.     The CARB Phase 1 Emission Standard for MDF in effect from January 1, 2009 to December 31, 2010, limited formaldehyde emissions to 0.21 parts per million ("ppm").  The Phase 2 Emission Standard for MDF dictates that as of January 1, 2011, MDF flooring products such as those involved in this action must emit no more than 0.11 parts per million ("ppm") of formaldehyde.  The CARB Phase 1 Emission Standard for Thin MDF, which was in effect from January 1, 2009 to December 31, 2011, limited formaldehyde emissions to 0.21 ppm.  The CARB Phase 2 Emission Standard for Thin MDF dictates that as of January 1, 2012, thin MDF flooring products such as those involved in this action must emit no more than 0.13 ppm of formaldehyde. Cal. Code Regs., fit. 17, § 93120.2(a). (Hereinafter, the formaldehyde emission standards for both MDF and Thin MDF will be referred to as the "CARB limit.")

**B.     Lumber Liquidators' Laminate Wood Flooring Products**

23.     Defendant supervises and/or controls the manufacturing and packaging of laminate wood flooring products in China that Defendant then distributes, markets, and/or sells in California.  Those laminate wood flooring products contain formaldehyde

and emit formaldehyde gas at levels that exceed, and sometimes grossly exceed, the CARB limit.  Those laminate wood flooring products include the following:

a.  8 mm Bristol County Cherry Laminate Flooring

b.  8 mm Dream Home Nirvana French Oak Laminate Flooring

c.  8 mm Dream Home Nirvana Royal Mahogany Laminate Flooring

d.  12 mm Dream Home Ispiri Americas Mission Olive Laminate Flooring

e.  12 mm Dream Home Ispiri Chimney Tops Smoked Oak Laminate Flooring

f.  12 mm Dream Home Ispiri Poplar Forest Oak Laminate Flooring

g.  12 mm Dream Home Kensington Manor Antique Bamboo Laminate Flooring

h.  12 mm Dream Home Kensington Manor Cape Doctor Laminate Flooring

i.  12 mm Dream Home Kensington Manor Fumed African Ironwood Laminate Flooring

j.  12 mm Dream Home Kensington Manor Glacier Peak Poplar Laminate Flooring

k.  12 mm Dream Home Kensington Manor Golden Teak Laminate Flooring

l.  12 mm Dream Home Kensington Manor Handscraped Imperial Teak Laminate Flooring (SKU 10029601)

m.  12 mm Dream Home Kensington Manor Handscraped Imperial Teak Laminate Flooring (SKU 10023958)

n.  12 mm Dream Home Kensington Manor Handscraped Summer Retreat Teak Laminate Flooring

o.  12 mm Dream Home Kensington Manor Sandy Hills Hickory Laminate Flooring

CLASS ACTION COMPLAINT                    - 7 -

010503-11 764686 V1

p. 12 mm Dream Home Kensington Manor Tanzanian Wenge Laminate Flooring

q. 12 mm Dream Home Kensington Manor Warm Springs Chestnut Laminate Flooring

r. 12 mm Dream Home St. James African Mahogany Laminate Flooring

s. 12 mm Dream Home St. James Blacksburg Barn Board Laminate Flooring

t. 12 mm Dream Home St. James Brazilian Koa Laminate Flooring

u. 12 mm Dream Home St. James Chimney Rock Charcoal Laminate Flooring

v. 12 mm Dream Home St. James Cumberland Mountain Oak Laminate Flooring

w. 12 mm Dream Home St. James Golden Acacia Laminate Flooring

x. 12 mm Dream Home St. James Nantucket Beech Laminate Flooring

y. 12 mm Dream Home St. James Oceanside Plank Bamboo Laminate Flooring

z. 12 mm Dream Home St. James Vintner's Reserve Laminate Flooring

aa. 15 mm Dream Home St. James Sky Lakes Pine Laminate Flooring

24. CARB regulations apply to all of the above listed flooring products.

25. On information and belief, each of the Lumber Liquidators' laminate wood flooring products listed in paragraph 21 above are manufactured in China using a common formula, design or process.

26. On information and belief, each of the Lumber Liquidators' laminate wood flooring products listed in paragraph 21 above emit formaldehyde gas at levels that exceed the CARB limits.

**C.    Lumber Liquidators Misrepresents that its Laminate Wood Flooring Products Meet California Emissions Standards**

27.    Despite unlawful levels of formaldehyde emissions from its laminate wood flooring products, Defendant misrepresent to consumers on their website, product packaging, and warranties that their laminate wood flooring products meet the CARB standards for formaldehyde emissions.

28.    Lumber Liquidators' website leads consumers to believe that the company's laminate wood flooring products comply with the CARB formaldehyde standards when they do not.  The website states as follows:

> Is Lumber Liquidators Compliant with the California law?
>
> **Laminate and engineered flooring products sold by Lumber Liquidators are purchased from mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards.** The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their products conform to the specified regulation limits. The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified. [Emphasis in original]
>
> Does CARB only apply to California?
>
> Though it currently applies only to products sold in California, **Lumber Liquidators made a decision to require all of our vendors to comply with the California Air Resources Board regulations regardless of whether we intended** to sell the products in California or any other state/country. [Emphasis in original]
>
> What extra steps does Lumber Liquidators take to ensure compliance?

In addition to the California Air Resources Board requirements, **Lumber Liquidators regularly selects one or more finished products from each of its suppliers and submits them for independent third-party lab testing.** This is done as a monitoring activity to validate ongoing quality control.  [Emphasis in original.][4]

29.     After the dangerous formaldehyde levels in Lumber Liquidators' products was featured on the news program "60 Minutes," Lumber Liquidator responded by posting a letter from its Chairman on its website stating:

Let me make one thing very clear – our laminate products, all of our products, are 100% safe.

…

We comply with applicable regulations regarding our products, including California standards for formaldehyde emissions for composite wood products – the most stringent rules in the country. We take our commitment to safety even further by employing compliance personnel around the world and utilizing the latest in cutting- edge technology to provide our customers with top quality and high value flooring.[5]

30.     In addition, the product packaging for Lumber Liquidators' laminate wood flooring states:  "CARB . . . CALIFORNIA 93120 Phase 2 Compliant Formaldehyde." On information and belief, this statement is presented on all Lumber Liquidators' laminate flooring product packaging regardless of whether the flooring inside the packaging complies with the CARB standards.

---

[4] http ://www. lumberliquidators com/11/flooring/ca-air-resources-board-regulations?Wt.ad—GLOBAL_FOOTER_CaliRegCARB (last visited on March 4, 2015).

[5] http://www.lumberliquidators.com/sustainability/60-minutes-letter-from-tom/ (last visited March 4, 2015)

CLASS ACTION COMPLAINT                    - 10 -

31.     Lumber Liquidators' purchase orders come with a warranty stating that the customer's purchased flooring products comply "with all applicable laws, codes and regulations," and "bear all warnings, labels, and markings required by applicable laws and regulations."

32.     Instead of warning consumers about formaldehyde emissions from its laminate wood flooring products, Lumber Liquidators' website states that it has Third Party Certifiers approve its flooring products to meet CARB standards.

Regulations and Lumber Liquidators' Compliance

The California Air Reform Bill (CARB) requires that products containing Hardwood Plywood Veneer Core (HWP-VC), Hardwood Plywood Composite Core (HWP-CC), Particleboard and MDF be tested for emissions and products not meeting the strict standards for emissions may not be sold in California.

The Environmental Protection Agency has drafted national standards for formaldehyde emissions in composite wood products that are similar to those of California. Those standards have not yet been enacted.

All laminates and engineered flooring products- sold- by Lumber Liquidators are-purchased from-mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards. The scope of the certification by the Third _ Party Certifier includes the confirmation that the manufacturer has implemented =the quality systems, = process controls, and testing procedures outlined by CARB - and that their products conform to the specified formaldehyde- emission limits. The Third Party- Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified. Though it currently applies only to products sold in California, Lumber Liquidators made a decision to require all of our suppliers to comply with CARB

regardless of whether we intended to sell the products in California or any other state/country. In addition, our suppliers manufacture their products in accordance with the European standard which has stricter guidelines than the California. In addition to the CARB requirements, Lumber Liquidators regularly selects one or more products from each of its suppliers and submits them for independent third-party lab testing. This is done as a monitoring activity to validate ongoing compliance.[6]

33.    Lumber Liquidators materially misrepresents the safety of its laminate wood flooring products by advertising and representing that its flooring products are compliant with the CARB limit when in fact they are not.

34.    Lumber Liquidators makes the material omission of failing to tell consumers that they are buying laminate wood flooring products with unlawfully high levels of formaldehyde.

35.    These laminate wood flooring products have been sold by Defendant for use in California for more than four years.

36.    Defendant continues to distribute and sell its laminate wood flooring products to customers in California with the representation that they are CARB compliant, even though they are not.

**D.    Lumber Liquidators Knew that its Representations of California-Compliant Formaldehyde Levels in its Laminate Wood Flooring was False**

37.    On information and belief, at all times relevant to this action, Lumber Liquidators has knowingly misrepresented its laminate wood flooring products as CARB compliant and knowingly failed to disclose to consumers the unlawful levels of formaldehyde emissions from its laminate wood flooring products.

---

[6] http://www.lumberliquidators.com/ll/flooring/Flooring101?Wt.ad=RIGHTNAV_Flooring101 (last visited March 4, 2015).

CLASS ACTION COMPLAINT                    - 12 -

010503-11 764686 V1

38.     At the same time that Defendant made public statements to consumers that the laminate wood products it sells are sourced from mills whose production methods are CARB compliant, that the products conform to CARB's specified formaldehyde emission limits, and the measures Lumber Liquidators takes to ensure full compliance by its suppliers, Defendant acknowledged the opposite to the SEC, stating, "While our suppliers agree to operate in compliance with applicable laws and regulations, including those relating to environmental and labor practices, *we do not control our suppliers*. Accordingly, we cannot guarantee that they comply with such laws and regulations or operate in a legal, ethical and responsible manner Violation of environmental, labor or other laws by our suppliers or their failure to operate in a legal, ethical and responsible manner, could . . . expose us to legal risks as a result of our purchase of product from non-compliant suppliers."[7]

39.     Despite its stated concern that its suppliers might not comply with environmental regulations, Defendant has failed to sufficiently exercise its quality control over those suppliers to ensure that they comply with CARB standards, and Defendant continues to sell to California consumers laminate wood flooring products that Defendant obtains from those suppliers.

40.     On June 20, 2013, the news website *Seeking Alpha* published a lengthy article based on a letter to the California Ari Resources Board.  The letter and article documented high formaldehyde levels in Chinese-made laminate flooring sold by

---

[7] Lumber Liquidators February 25, 2014 10-K at p. 14, http://investors.lumberliquidators.com/index.php?o=25&s=127 (emphasis added).  In the same filing, Lumber Liquidators acknowledges that it oversees quality control in its Chinese mills: "We are able to set demanding specifications for product quality and our own quality control and assurance teams are on-site at the mills, coordinating inspection and assurance procedures."  *Id.* at p. 5.

Lumber Liquidators., as shown by tests a certified laboratory conducted on three samples of Chinese-made laminate flooring sold by Lumber Liquidators.  Enclosed with the letter were the actual test results showing that the tested product, Mayflower 5/16" x 5" Bund Birch Engineered, emits three and half times the maximum formaldehyde emission level. Nonetheless, the letter notes that Lumber Liquidators labeled the product as being CARB compliant.

41.     On information and belief, high formaldehyde content resins and glues are less expensive and dry more quickly than low formaldehyde glues and resins.  By using high formaldehyde content resins and glues rather than low formaldehyde content resins and glues, Lumber Liquidators' Chinese manufacturers are able to produce laminate wood flooring more quickly and at higher volumes thereby reducing costs and generating greater profits for Lumber Liquidators.

42.     On or about November 26, 2013, a putative federal securities class action lawsuit was filed against Lumber Liquidators in the United States District Court in the Eastern District of Virginia based on drops in the stock price following the *Seeking Alpha* article and its allegations concerning the formaldehyde emissions from Defendant's laminate wood flooring products.  *Kiken v. Lumber Liquidators Holdings, Inc., et al.*, No. 4:2013-cv-00157 (E.D. Va).  This case is currently pending.  Lumber Liquidators was made aware during the pendency of this and other lawsuits of complaints and allegations that its laminate wood flooring products from China emit formaldehyde gas at levels that violate the CARB limit.

43.     Numerous Lumber Liquidators customers have posted internet complaints on Defendant's website concerning formaldehyde emissions, including Deborah of

North Fork, California who posted on the Consumer Affairs website on September 11, 2014:

> We spent thousands of dollars and went with the LL recommended professional installer... the product we were sold was supposedly Made in the USA--nope, China. One of my children cannot walk barefoot on the floor because he will blister from the formaldehyde content. We saved for years for this floor, it will need to be replaced. Please RUN to another dealer. This company does not care about the customer one bit. This has been a devastating blow to our family.[8]

44.     Based on lawsuits, articles, and blog posts, Defendant knew or should have known that its laminate wood flooring products were not compliant with CARB standards.  Despite this knowledge, Defendant failed to reformulate its flooring products so that they are CARB compliant or to disclose to consumers that these products emit unlawful levels of formaldehyde.  Instead, Defendant has sold and continues to sell laminate wood flooring products in California that exceed the CARB limit while continually representing to consumers that those products are CARB compliant.

45.     In light of the false representations Lumber Liquidators has made regarding formaldehyde levels, and in light of the health risks posed by formaldehyde, Plaintiffs and members of the class would reasonably fear for their safety by allowing the laminate flooring to remain in their homes.  It would therefore be reasonably prudent to incur the cost of replacing the laminate flooring rather than continue to incur the risks posed by the laminate flooring that may contain high levels of formaldehyde.

---

[8] http://www.Consumeraffairs.com/homeowners/lumber liquidators.html December 2, 2014.

## V.   FACTS RELATING TO NAMED PLAINTIFFS

46.     In March, 2014, Plaintiff John Tyrrell purchased approximately 600 square feet of 12 mm Dream Home Kensington Manor Handscraped Imperial Teak Laminate Flooring (SKU 10023958) at a Lumber Liquidators store located in Santa Clarita, California.  On information and belief, the flooring was produced at the laminate mill in China.

47.     Mr. Tyrrell purchased the laminate flooring for the purpose of installing it in his home that he shares with his wife, daughter and son-in-law, their 18-month-old son, and two dogs.  Mr. Tyrrell has a significant amount of amateur building experience Mr. Tyrrell was aware of the risks inherent in formaldehyde and in its prevalence in certain building materials.  He therefore specifically set out ensure that the formaldehyde levels complied with California law.

48.     Prior to purchasing the laminate flooring from Lumber Liquidators, Mr. Tyrrell viewed Lumber Liquidators' website and saw the representations Lumber Liquidators made regarding the safety and compliance of its products.

49.     At the time he purchased the laminate flooring from the Lumber Liquidators retail store, Mr. Tyrrell specifically noted the label stating that the product was "California … Phase 2 Compliant for Formaldehyde."

50.     Mr. Tyrrell relied on the representations that the laminate flooring he was purchasing was CARB compliant for formaldehyde.  He would not have purchased the product absent this representation.

51.     At the time that Plaintiff purchased this laminate wood flooring, Lumber Liquidators' representation that the product was compliant with CARB formaldehyde emission standards was false.

CLASS ACTION COMPLAINT                         - 16 -
010503-11 764686 V1

52.     At the time of the purchase, Lumber Liquidators also failed to inform Mr. Tyrrell that the laminate wood flooring product he purchased actually exceeded the CARB formaldehyde emission – limit and that formaldehyde is a chemical known to the State of California to cause cancer.

53.     In late March or early April, Mr. Tyrrell installed the flooring with the help of his daughter and son-in-law – who is a professional contractor.  On May 31, 2014, Mr. Tyrrell began experiencing symptoms that include extreme shortness of breath, weakness, fatigue, and incessant coughing and sneezing.  Despite repeated medical tests, his doctors have not been able to identify the cause of these symptoms.  The symptoms have continued to the present.

54.     On March 1, 2015 Mr. and Mrs. Tyrrell learned for the first time that the representations Lumber Liquidators made regarding the formaldehyde compliance of its product may have been false.  In light of the risks to their health, and particularly to the health of their baby grandson, the Tyrrells intend to have their flooring replaced.

55.     Had the Lumber Liquidators' laminate wood flooring been CARB compliant, the Tyrrell's would have been satisfied with their purchase.

## VI.    CLASS ACTION ALLEGATIONS

56.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

57.     Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a Class consisting of:

> All persons who, from March 6, 2011 to the present
> purchased from Defendant in California one or more
> laminate wood flooring products that were for their personal
> use rather than for resale or distribution, that were

manufactured in China, and that were advertised as being CARB compliant.

58.     Excluded from the Class are governmental entities, Defendant, its affiliates and subsidiaries, Defendant's current or former employees, officers, directors, agents, representatives, their family members, the members of this Court and its staff.

59.     Plaintiffs do not know the exact size or identities of the members of the proposed class, since such information is in the exclusive control of Defendant. Plaintiffs believe that the Class encompasses many hundreds and perhaps thousands of individuals whose identities can be readily ascertained from Defendant's books and records.  Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

60.     Based on the size of the modifications at issue, Plaintiffs believe the amount in controversy exceeds $5 million.

61.     All members of the Class have been subject to and affected by the same conduct.  All purchased laminate wood flooring products from the Defendant that were falsely advertised as being known to be compliant with CARB standards for formaldehyde and were therefore safe to install in homes or businesses.  Instead, the levels of formaldehyde in the flooring products were, at a minimum, unknown and in many cases emitting unlawful levels of formaldehyde.  The lack of monitoring to ensure CARB compliance and the resulting lack of CARB compliance was not disclosed to any class members.   There are questions of law and fact that are common to the class, and predominate over any questions affecting only individual members of the Class.  These questions include, but are not limited to the following:

CLASS ACTION COMPLAINT

- 18 -

a.  Whether Lumber Liquidators properly and adequately monitored their Chinese manufacturing plants to ensure CARB compliance;

b.  Whether Lumber Liquidators' laminate wood flooring products that were manufactured in China and sold in California exceed the CARB limit;

c.  Whether Lumber Liquidators falsely labeled and advertised its Chinese manufactured laminate wood flooring products as being CARB compliant;

d.  Whether any false representations regarding CARB compliance were made knowingly and willfully;

e.  Whether Lumber Liquidators concealed and omitted material facts from its communications with and disclosure to all class members regarding the levels of formaldehyde in its laminate wood flooring products;

f.  Whether Lumber Liquidators breached express warranties to class members regarding its laminate wood flooring products pursuant to California Commercial Code § 2313;

g.  Whether Lumber Liquidators' misrepresentations or omissions constitute unfair or deceptive practices under the California Unfair Competition Law ("UCL");

h.  Whether Lumber Liquidators' representations that its Chinese manufactured laminate wood flooring products are CARB compliant violate the California False Advertising Law ("FAL");

i.  Whether Lumber Liquidators' conduct entitles class members to injunctive relief under the Consumer Legal Remedies Act ("CLRA");

j.  Whether the above practices caused Class members to suffer injury; and

k.  The proper measure of damages and the appropriate injunctive relief.

62.     The claims of the individual named Plaintiffs are typical of the claims of the Class and do not conflict with the interests of any other members of the Class.

63.     The individual named Plaintiffs will fairly and adequately represent the interests of the Class.  They are committed to the vigorous prosecution of the Class's claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, consumer protection actions.

64.     A class action is superior to other methods for the fast and efficient adjudication of this controversy.  Each Class Member is entitled to restitution of the price of the laminate wood flooring product, and the cost of installation and removal of the unlawfully sold flooring products.  The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against Defendant to recover damages stemming from Defendant's unfair and unlawful practices.

65.     This putative class action meets the requirements of Fed. R. Civ. P. 23(b) (2) and Fed. R. Civ. P. 23(b) (3).

## VII.   CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §§ 2301, *ET SEQ*

66.     Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

67.     Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class described above.

68.     Plaintiffs and the other members of the class are "consumers" within the meaning of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301(3).

69.     Lumber Liquidators is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4) – (5).

70.     Lumber Liquidators flooring that was purchased separate from the initial construction of the structure into which it was to be installed constitutes a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

71.     Lumber Liquidators' express warranties and written affirmations of fact regarding the nature of the flooring, *i.e.*, that the flooring was in compliance with CARB formaldehyde standards, constitutes a written warranty within the meaning of 15 U.S.C. § 2301(6).

72.     Lumber liquidators breached their warranties by manufacturing, selling and/or distributing flooring products with levels of formaldehyde that exceed the CARB standards, or by making affirmative representations regarding CARB compliance without knowledge of its truth.

73.     Lumber Liquidators' breach deprived Plaintiffs and the other Class members of the benefit of their bargains.

74.     The amount in controversy of Plaintiffs' individual claims exceeds the value of $25.  In addition, the amount in controversy exceeds the value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this action.

75.     Defendant has been notified of its breach of written warranties and has failed to adequately cure those breaches.  As a direct and proximate result of Defendant's

breaches of its written warranties, Plaintiffs and the other Class members sustained damages in amounts to be determined at trial.

**COUNT II**

**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*, UNLAWFUL, UNFAIR, OR FRAUDULENT BUSINESS ACTS AND PRACTICES**

76.    Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

77.    California Business and Professions Code § 17200, *et seq.* prohibits "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code §§ 17200, 17203.

78.    Throughout the Class Period, Defendant engaged in unlawful business acts and/or practices by selling and/or distributing laminate wood flooring products in California that exceed the CARB limit for formaldehyde emissions from composite wood products set forth in Title 17 of the California Code of Regulations, § 93120 – 93120.12 *et seq.*, specifically "Phase 2," which mandates the maximum levels of formaldehyde that laminate flooring products can emit.

79.    Defendant's deceptive statements detailed above further violate California Health and Safety Code §25249.6 (Proposition 65), which requires products emitting formaldehyde at levels above 40 micrograms per day to contain a health hazard warning.

80.    Defendant further engaged in unlawful business acts and/or practices by not informing consumers that Defendant's laminate wood flooring products sold in California emit formaldehyde at levels that exceed the formaldehyde emission limit set forth in the CARB standards.  These actions were misleading and deceptive, and violated

the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* and the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*

81.     Throughout the Class Period, Defendant engaged in unlawful business acts and/or practices by making untrue, deceptive, or misleading environmental marketing claims on the labels of its laminate wood flooring products' packaging and on promotional materials including pages of the Lumber Liquidators' website, in violation of California's "Greenwashing" Statute, Cal. Bus. & Prof. Code § 17580.5.  Such claims include, but are not limited to: overstating the environmental attributes of the laminate wood flooring products it distributes in California, failing to substantiate that the laminate wood flooring products it distributes in California have received third-party certification of CARB compliance, and misrepresenting explicitly or through implication that the laminate wood flooring Defendant distributes in California is non-toxic.  *See* Cal. Bus. & Prof. Code § 17580.5(a).

82.     Throughout the Class Period, Defendant has engaged in unlawful business acts and/or practices by expressly warranting on every package of laminate wood flooring products it distributes and sells in California, as well as in promotional materials and product invoices, that the products comply with CARB formaldehyde standards and all other applicable laws and regulations when they do not.  This express warranty also appears on Defendant's website, and product invoices and instruction materials.  Defendant's breach of this express warranty violates California state warranty law, California Commercial Code § 2313.

83.     The acts, omissions, and practices alleged herein also constitute unfair business acts and practices in that Defendant's conduct is immoral, unscrupulous, and

offends public policy by seeking to profit from Chinese-made laminate flooring products that emit dangerous levels of formaldehyde in violation of California law.

84.     The acts, omissions, and practices alleged herein also constitute fraudulent business acts and practices in that Defendant's representations regarding its compliance with CARB emission standards, regarding its measures to ensure CARB compliance by its Chinese manufacturers, and regarding the safety and quality of its laminate flooring are false, misleading, and are likely to deceive California customers.

85.     Plaintiffs relied on Defendant's misrepresentations.

86.     As a direct result of Defendant's unlawful, unfair, or fraudulent business acts and/or practices, Plaintiffs and Class Members suffered injury in fact and lost money or property.

87.     Defendant profited from its sales of its falsely and deceptively advertised products to unwary California customers.

88.     Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution, injunctive relief against Defendants in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

## COUNT III

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, *ET SEQ.*

89.     Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

90.     Throughout the Class Period, Defendant engaged in unlawful and/or fraudulent conduct under California Business & Professions Code §§ 17500, *et seq.* ("the

CLASS ACTION COMPLAINT                  - 24 -

False Advertising Law"), by engaging in the sale of laminate wood flooring products, and publically disseminating various advertisements that Defendant knew or reasonably should have known were untrue and misleading.  Defendant committed such violations of the False Advertising Law with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

91.     Defendant's advertisements, representations, and labeling as described herein were designed to, and did, result in the purchase and use of the Chinese-made laminate flooring products and Defendant profited from its sales of these products to unwary consumers.

92.     Plaintiffs reasonably relied on Defendant's representations made in violation of California Business and Professions Code §§ 17500, *et seq.*

93.     As a direct result of Defendant's violations, Plaintiffs suffered injury in fact and lost money.

94.     Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution and injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

## COUNT IV

**VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT,
CAL. CIV. CODE § 1750 *ET SEQ.***

95.     Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

96.     Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and 1770, and provides "goods" within the meaning of Civil Code §§ 1761(a)

CLASS ACTION COMPLAINT                          - 25 -
010503-11  764686 V1

and 1770.  Defendant's customers, including Plaintiffs and Class members, are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770.  Each purchase of Defendant's laminate wood flooring products by Plaintiffs and each Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

97.     Each class member purchased goods from Defendant that was primarily for personal, family, or household purposes.

98.     The Consumer Legal Remedies Act makes it unlawful for a company to:

a.  Misrepresent the certification of goods. Cal. Civ. Code § 1770(a)(2)(3);

b.  Represent that goods have characteristics or approval which they do not have. Cal. Civ. Code § 1770(a)(5);

c.  Represent that goods are of a particular standard, quality, or grade, if they are of another. Cal. Civ. Code § 1770(a)(7);

d.  Advertise goods with intent not to sell them as advertised. Cal. Civ. Code § 1770(a) (9).

e.  Represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code § 1770(a) (16).

99.     Throughout the Class Period, Defendant violated and continues to violate the above mentioned provisions.

100.    As a direct and proximate result of Defendant's violations, Plaintiffs and Class Members have suffered and are continuing to suffer irreparable harm.

101.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act because Defendant is still representing that the flooring products have characteristics

CLASS ACTION COMPLAINT                    - 26 -

and qualifications which are false and misleading, and has injured Plaintiffs and Class Members.

102.    In accordance with Civil Code § 1780 (a), Plaintiff and members of the Class seek injunctive and equitable relief for Lumber Liquidators' violations of the CLRA.  In addition, after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) and (d), Plaintiff will amend this Class Action Complaint to include a request for damages.  Plaintiff and members of the Class request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for Relief.

## COUNT V

## BREACH OF EXPRESS WARRANTY, CAL. UNIFORM COM. CODE § 2313

103.    Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

104.    Throughout the Class Period, Lumber Liquidators has expressly warranted that its laminate wood flooring products comply with CARB formaldehyde standards and all other applicable laws and regulations.

105.    Defendant's express warranty that its laminate wood flooring products comply with the CARB standards appears on every package of laminate wood flooring Defendant sells or has sold in California, including those sold to Plaintiffs and all Class Members. This express warranty also appears on Defendant's website, and product invoices and instruction materials.

106.    Lumber Liquidators' warranties became part of the basis of the bargain in selling laminate wood flooring products to Plaintiffs and Class Members.

107.    Lumber Liquidators breached these express warranties by selling, and/or distributing the laminate wood flooring products, which fail to comply with the CARB standards.

108.    Plaintiffs and members of the Class paid money for the laminate wood flooring and paid to have the flooring installed in their homes, work, and other spaces. However, Plaintiffs and the members of the Class did not obtain the full value of the advertised products.  If Plaintiffs and other members of the Class had known the true nature of the flooring products, that they emitted unlawful levels of a cancer-causing chemical, they would not have purchased the laminate wood flooring products.

109.    As a result of this breach, Plaintiffs and the members of the Class suffered injury and deserve to be compensated for the damages they suffered.

110.    Plaintiffs and the Class are therefore entitled to recover compensatory damages, declaratory relief, and other relief as specifically prayed for herein.

## COUNT VI

## DECLARATORY RELIEF

111.    Plaintiffs incorporate by reference the foregoing allegations as if set fully herein.

112.    Plaintiffs on behalf of themselves and all others similarly situated, contend that Defendant's sale of laminate wood flooring products in California do not comply with the CARB standards.  On information and belief, Defendant contends that its sale of laminate wood flooring products in California complies with the CARB standards.

113.   A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, seek the following relief against Defendant:

A.   An order certifying this action as a class action under California Code of Civil Procedure § 382, defining the Class as requested herein, and appointing the undersigned as class counsel;

B.   A finding and declaration, pursuant to California Code of Civil Procedure § 1060, that Defendant's policies and practices of labeling and advertising the laminate wood products it sells in California as CARB compliant is unlawful pursuant to Title 17 of the California Code Regulations,§§ 93120-93120.12;

C.   A finding and declaration, pursuant to California Code of Civil Procedure § 1060, that Defendant's policies and practices of distributing and/or selling laminate wood products in California with formaldehyde emissions that violate the CARB standards is unlawful pursuant to Title 17 of the California Code Regulations,§§ 93120-93120.12;

D.   Injunctive relief prohibiting Defendant from continuing to distribute and/or sell laminate flooring products that violate the CARB standards, pursuant to California Business and Professions Code, §§ 17202 and 17203, and California Civil Code § 1780;

E.   Restitution of all money and/or property that Plaintiffs and Class Members provided to Defendant for the purchase and installation of Defendant's

1    laminate wood flooring products that were sold in violation of Title 17 of
2    the California Code Regulations, §§ 93120-93120.12 and California
3    Business and Professions Code § 17200 *et seq.;*
4
5    F.    Damages in an amount to be determined at trial for damages including
6          actual, compensatory, and consequential damages incurred by Plaintiffs and
7          Class Members;
8    G.    An award to Plaintiffs and Class Members of reasonable attorneys' fees and
9          costs; and
10   H.    An award of such other and further relief as this Court may deem
11         appropriate.

## IX.    DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so trouble.


DATED:  March 5, 2015                HAGENS BERMAN SOBOL SHAPIRO LLP

                                     By: /s/ Elaine T. Byszewski
                                     ELAINE T. BYSZEWSKI (SBN 222304)
                                     *elaine@hbsslaw.com*
                                     301 North Lake Avenue, Suite 203
                                     Pasadena, CA  91101
                                     Telephone: (213) 330-7150
                                     Facsimile:  (213) 330-7152

                                     STEVE W. BERMAN
                                     *steve@hbsslaw.com*
                                     ARI Y. BROWN
                                     *ari@hbsslaw.com*
                                     HAGENS BERMAN SOBOL SHAPIRO LLP
                                     1918 Eighth Avenue, Suite 3300
                                     Seattle, WA  98101
                                     Telephone: (206) 623-7292
                                     Facsimile: (206) 623-0594

                                     *Attorneys for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT                 - 30 -

010503-11 764686 V1